UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS RIVERA,<br>Petitioner,<br>v.<br>ACTING OR CURRENT WARDEN, ADELANTO ICE PROCESSING CENTER GEO GROUP, INC, et al.,<br>Respondents. | Case No. 5:26-cv-05029-MRA-JDE<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Petition for Writ of Habeas Corpus (Dkt. 1, "Petition"), the Answer to the Petition (Dkt. 7), Petitioner's Traverse (Dkt. 10), the Report and Recommendation of the magistrate judge (Dkt. 12, "Report"), and Petitioner's Objection to the Report (Dkt. 13). The Court has engaged in a de novo review of those portions of the Report to which objections have been made.

In this habeas action challenging Petitioner's immigration detention, the Report finds that Petitioner is entitled to a prompt bond redetermination hearing but is not entitled to immediate release. (Dkt. 12 at 3.) Petitioner's objections to the Report do not merit a different result.

Petitioner objects that the appropriate habeas relief for the due process violation arising from his unlawful detention is a return to the *status quo*, or immediate release. (Dkt. 13 at 2-3.) But an order requiring immediate release is not warranted without an examination of the particular circumstances of the case. Habeas corpus is an "adaptable remedy," the "precise application and scope" of which changes "depending upon the circumstances." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (citing cases including *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (Habeas is not "a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose")). The Court agrees with the Report that the particular facts of this case, which show that Petitioner was arrested in April 2026 for domestic violence, do "not create the same risk of erroneous deprivation of liberty given the alleged changed circumstance[,]" meaning that "immediate release via a habeas petition is not warranted." (Dkt. 12 at 6.) Moreover, the allegation against Petitioner is not obviously pretextual but instead may constitute a material change of circumstances. (Dkt. 7-1 at 3.) The Court finds that the appropriate remedy given these facts is a bond hearing rather than immediate release. *See O.A.C.S. v. Wofford*, 2025 WL 3485221, at *4-*5 (E.D. Cal. Dec. 4, 2025) (petitioner was entitled to a bond hearing, not immediate release, when he was detained for allegations of changed circumstances that were not obviously pretextual) (examining similar cases).[1]

Petitioner objects that, even if there were materially changed circumstances consisting of his arrest for domestic violence, he still was

[1] The record shows that, in addition to being arrested for domestic violence, Petitioner violated his release conditions nine other times between July 2024 and March 2026. (ECF No. 7-1 at 3.) The violations consisted of one missed virtual home visit and eight missed biometric check-ins. (*Id.*)

entitled to a hearing prior to detention by immigration authorities. (Dkt. 13 at 4-6.) This objection does not negate any finding in the Report, which finds that Petitioner's right to due process was violated by his re-detention. (Dkt. 12 at 6.) The Court agrees with that finding. The only question that is in dispute is the appropriate remedy for the violation. As stated above, the Court agrees with the Report that the appropriate remedy given the particular circumstances here is a bond hearing rather than immediate release.

Petitioner objects that a hearing before an Immigration Judge fails to provide him with full relief, particularly because of the severe delay that comes with such hearings. (Dkt. 13 at 7-8.) Such a delay is not a threat here, however, because the Report properly recommends that a hearing be held within seven days of the Judgment entered in this case. (Dkt. 12 at 8.)

The Court accepts the findings and recommendation of the magistrate judge.

IT IS THEREFORE ORDERED THAT Judgment shall be entered:

1. Granting the Petition, in part, with Respondents ORDERED to:

a. hold an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Jose Luis Rivera (A# 088-371-967)** within seven (7) days of the Judgment herein, with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or

b. release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing subject to his preexisting release conditions; and

2. Denying other relief sought by the Petition with prejudice; however, nothing herein precludes Petitioner from asserting future claims, in an appropriate forum, based on a change in circumstances.

IT IS SO ORDERED.

Dated: October 16, 2026____

MÓNICA RAMÍREZ ALMADANI
United States District Judge